**E-FILED**
Monday, 14 July, 2014 10:30:03 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **RANDOPLH MARTIN,**<br>**and CATHERINE MARTIN**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA**<br><br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 3:13-CV-03130** |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant United States of America's Motion to Dismiss (d/e 13) brought pursuant to Federal Rule of Civil Procedure 12(b)(5). The United States seeks to dismiss Plaintiffs Randolph Martin and Catherine Martin's Amended Complaint because Plaintiffs did not effectuate service of the summons and complaint on the United States Attorney's Office and the United States Attorney General. The Motion is DENIED.

Plaintiffs failed to properly serve the United States. Although Plaintiffs have not shown good cause for their failure to effectuate proper service, this Court nonetheless has the discretion to extend

the period of time to do so even without a showing of good cause. Therefore, Plaintiffs are granted an extension of time to effectuate service on the United States Attorney's Office and the United States Attorney General.

## I. BACKGROUND

This case arises out of Plaintiffs' dispute of their tax returns for the years 1996, 1997, 2001, and 2002. Pls.' Am. Compl. ¶¶ 1, 16 (d/e 1). After Plaintiffs filed amended tax returns for these years, claiming overpayment, the Internal Revenue Service ("IRS") conducted an audit of the returns. Id. ¶ 13. On August 27, 2008, the IRS issued a Notice of Disallowance of Plaintiffs' requests for refunds. Id. ¶ 13. On February 12, 2009, Plaintiffs filed a Protest Letter appealing the disallowance. Id. ¶ 14. On May 11, 2011, the IRS denied all of Plaintiffs' claims for refund. Id. ¶ 15.

On May 6, 2013, Plaintiffs, proceeding pro se at that time, filed a Complaint seeking recovery of the purportedly excessive taxes paid. Pls.' Compl. (d/e 1). Plaintiffs were required to effectuate service of the Complaint by September 3, 2013. See Fed.R.Civ.P. 4(m) (requiring service within 120 days after the complaint is filed). A summons and a copy of the Complaint were served on the IRS

office located in Springfield, Illinois, on September 5, 2013. See Return of Summons (d/e 4).

On November 4, 2013, W. Damon Dennis, a Trial Attorney in the Tax Division of the U.S. Department of Justice, filed a Notice of Appearance and Motion for Extension of Time to File Answer. See d/e 5 and 6. On November 25, 2013, the United States filed a Motion to Dismiss based on lack of subject matter jurisdiction and insufficient service of process. See Def.'s Mot. Dismiss (d/e 7).

Plaintiffs subsequently retained counsel. On December 20, 2013, Plaintiffs filed a Motion for Leave to Amend Complaint. See Pls.' Mot. Leave Am. Compl. (d/e 10). Plaintiffs noted that while the summons and a copy of the Complaint were not served in compliance with Rule 4(i), Plaintiffs attempted in good faith to serve the United States in a timely manner by serving the IRS. Id. ¶ 7. Plaintiffs sought leave to amend the Complaint to allege proper jurisdiction and to "provide proper service to the United States." Id. ¶ 8.

On January 13, 2014, United States Magistrate Judge Byron G. Cudmore granted Plaintiffs' Motion for Leave to Amend Complaint. See Magistrate Judge Cudmore's January 13, 2014

Text Order. Judge Cudmore denied the United States' Motion to Dismiss without prejudice, subject to the motion being revived within 14 days after service of Plaintiffs' Amended Complaint. Id.

On April 7, 2014, after receiving an extension of time to do so, Plaintiffs filed their Amended Complaint. See Pls.' Am. Compl. (d/e 12). Plaintiffs served the Amended Complaint on the United States' counsel by electronic transmission through the Court's case management/electronic case filing system. See Pls.' Mem. Law Supp. Resp. Mot. Dismiss, at 2-3 (d/e 16).

On April 22, 2014, the United States filed the Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(5), at issue herein. Def.'s Mot. Dismiss (d/e 13). The United States asserts that Plaintiffs' failure to effectuate proper service warrants dismissal. Although Plaintiffs failed to effectuate service on the United States, the Court will grant Plaintiffs an additional 14 days to serve the United States.

## II. JURISDICTION AND VENUE

Plaintiffs' claims for recovery of allegedly excessive taxes give this Court subject-matter jurisdiction. See 28 U.S.C. § 1346(a)(1) ("The district courts shall have original jurisdiction . . . of: [a]ny civil

action against the United States for the recovery of any internal-revenue tax . . . ."). Venue requirements are satisfied because Plaintiffs reside in Springfield, Illinois. See 28 U.S.C. § 1402(a)(1) (any civil action under 28 U.S.C. § 1346(a) may be brought only in the judicial district where the plaintiff resides); see also CDIL-LR 40.1(B) (cases arising in Sangamon County are filed in the Springfield Division).

## III. LEGAL STANDARD

A defendant may challenge the sufficiency of service with a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(5). Cardenas v. City of Chicago, 646 F.3d 1001, 1005 (7th Cir. 2011). The plaintiff bears the burden of showing that the court has jurisdiction over the defendant through effective service. Id.

Under Federal Rule of Civil Procedure 4(m), a plaintiff must properly serve the defendant within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(m). If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action or order that service be made within a specified time. Fed.R.Civ.P. 4(m). However, a district court must extend the time

for service if the plaintiff shows good cause for the failure to serve the defendant within 120 days. Id. Even if the plaintiff does not show good cause for failing to effectuate timely service, the district court may still, in its discretion, grant an extension of time for service. Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996).

## IV. ANALYSIS

The United States argues that Plaintiffs' failure to effectuate proper service warrants dismissal. Plaintiffs oppose the motion, asserting that they properly served the Amended Complaint. In the alternative, Plaintiffs argue that they made a good faith effort to serve the United States by serving the original Complaint and summons on the IRS. Plaintiffs ask that the Court exercise its discretion and allow them leave to provide service on the United States.

### A. Plaintiffs have not effectuated proper service on the United States.

A federal court may not exercise personal jurisdiction over a defendant absent service of process or waiver of service by the defendant. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526

U.S. 344, 350 (1999). To serve the United States, a plaintiff must serve a copy of the summons and complaint on the United States Attorney's Office for the district where the action is brought, the United States Attorney General, and the agency whose action is challenged. See Fed.R.Civ.P. 4(i)(1). The Rules concerning service on the United States as a defendant are strictly applied. See Tuke v. United States, 76 F.3d 155, 157 (7th Cir. 1996); Gabriel v. United States, 30 F.3d 75, 77 (7th Cir. 1994) (holding that the plaintiff must serve the United States in the way Rule 4 requires; actual notice is insufficient).

Here, Plaintiffs did not serve either the United States Attorney's Office or the Attorney General of the United States with the Complaint. Moreover, Plaintiffs point to no evidence that the United States waived service. Therefore, Plaintiffs have not effectuated service on the United States.

Plaintiffs argue that the United States was properly served with the Amended Complaint pursuant to Federal Rule of Civil Procedure 5 and Local Rule 5.3 and that this was sufficient to effectuate service. The Court disagrees.

Federal Rule of Civil Procedure 5(a)(1) provides that every pleading after the original complaint must be served on every party. Fed.R.Civ.P. 5(a)(1). Service may be made by sending the document by electronic means if the person consented in writing. Fed.R.Civ.P. 5(b)(2). While Local Rule 5.3 provides that registration in the Court's Electronic Case Filing System constitutes consent to receive notice by electronic service, the consent applies only to service required under Federal Rule of Civil Procedure 5 (addressing service of pleading and other papers), not service required under Federal Rule of Civil Procedure 4 (addressing service of summons). CDIL-LR 5.3(A).

Therefore, defense counsel, by registering in the Court's Electronic Case Filing System, did not consent to receive the service required under Rule 4. Having never effectuated service on the United States, Plaintiffs cannot circumvent Rule 4 by filing an Amended Complaint and serving the Amended Complaint pursuant to Rule 5. See, e.g., Sierra v. Isdell, No. 6:09–cv–124–Orl–19KRS, 2009 WL 2496545, at *2 (M.D. Fla. Aug. 12, 2009) (rejecting the argument that the filing of an amended complaint obviates the need to serve the defendants pursuant to Federal Rule of Civil Procedure

4); McGregor v. United States, 933 F.2d 156, 158 (2d Cir. 1991) (noting that the district judge found that amending the complaint to add new parties did not obviate the need to comply with the service requirements for the initial complaint), superseded on other grounds by Zapata v. City of N.Y., 502 F.3d 192 (2d Cir. 2007).

Plaintiffs also suggest that the United States waived its objection to the sufficiency of process by filing an appearance in the case. A party waives the defense of insufficient service of process by failing to include the defense in a responsive pleading or a Rule 12 motion. Fed.R.Civ.P. 12(h) (also listing other defenses that can be waived, including improper venue and lack of personal jurisdiction). Moreover, the defense of insufficient service of process may "be waived by formal submission to a cause, or by submission through conduct." Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir.1993).

In this case, the United States immediately raised the defense of insufficient service of process in its first Motion to Dismiss and reasserted the defense in its second Motion to Dismiss. Besides the two Motions to Dismiss and their associated Memoranda, the United States has filed only an appearance and a Motion for

Extension of Time to Answer. Neither the filing of an appearance nor a Motion for Extension of Time to Answer waives the defense of insufficient service of process so long as the defendant raises the defense in the first responsive pleading or in a pre-pleading motion. See, e.g., Swanson v. City of Hammond, Ind., 411 Fed. App'x 913, 915 (7th Cir. 2011) (also noting that Federal Rule of Civil Procedure 12 abolished the distinction between special and general appearances); D'Amico v. Treat, 379 F. Supp. 1004, 1007-08 (N.D. Ill. 1974) (holding that the defendant did not waive venue objection by filing an appearance and a motion for extension of time to answer) aff'd, 510 F.2d 976 (7th Cir. 1975); Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd., 364 F.3d 884, 887 (7th Cir. 2004) (noting that Rule 12(h)(1) requires that 12(b)(2)-(5) defenses must be pleaded early, but not necessarily at the earliest possible opportunity). Therefore, the United States preserved the defense of insufficient service of process.

B.  The Court grants Plaintiffs an extension of time to effectuate proper service.

Because the United States was not served within 120 days after the complaint was filed, this Court must dismiss the action or

order that service be made within a specified time. Fed.R.Civ.P. 4(m). Plaintiffs have not attempted to show good cause for the failure to serve the United States but instead ask the Court to exercise its discretion and extend the time for service. Plaintiffs assert that they made a good faith effort to serve the United States by serving the original Complaint and Summons on the IRS office located in Springfield, Illinois. Plaintiffs also note that the United States received notice of the Complaint and filed a Motion to Dismiss.

 Even when a plaintiff has not shown good cause for failing to effectuate timely service, the district court nonetheless has the discretion to extend the time for effectuating service. Panaras, 94 F.3d at 340. Although Rule 4(m) itself does not enumerate the criteria to be used in making this determination, some guidance can be found in the Advisory Committee Note to the 1993 Amendments to the Rule. See, e.g., Panaras, 94 F.3d at 341 (noting that the Advisory Committee Note provides the district courts with a number of factors to consider when exercising its discretion). The factors include whether: (1) the statute of limitations would bar refiling of the complaint; (2) the defendant evaded service; (3) the

defendant would be prejudiced; (4) the defendant had actual notice of the lawsuit; and (5) the defendant was eventually served. Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998). Even where the balance of hardships favors the plaintiff, the district court is not required to excuse the plaintiff's failure to timely serve the defendant. Coleman v. Milwaukee Bd. of Sch. Directors, 290 F.3d 932, 934 (7th Cir. 2002) (district court did not abuse its discretion by refusing to allow late service even where the statute of limitations barred refiling the complaint, defendant suffered no actual harm as a consequence of the delay in service, and the defendant likely received actual notice of the suit).

The balance of hardships weighs in favor of excusing Plaintiffs' failure to effectuate service because the statute of limitations has run, the United States has not been prejudiced by the delay in service, and the United States apparently received actual notice of the suit as a result of the incomplete service.

The statute of limitations would bar refiling the Complaint. Federal Rule of Civil Procedure 4(m) mandates that any dismissal under Rule(m) be without prejudice, but when a suit is dismissed without prejudice and the statute of limitations has run during the

pendency of the action, the dismissal is effectively with prejudice. Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000).

A taxpayer must file suit for a refund within two years of the date of mailing of a notice of disallowance of the part of the claim to which the suit or proceeding relates. 26 C.F.R. § 301.6532–1. In this case, the IRS issued a Notice of Disallowance on August 27, 2008 and denied Plaintiffs' appeal on May 11, 2011. Therefore, if this Court dismissed Plaintiffs' suit, the statute of limitations would bar them from refiling.

Moreover, the United States has not alleged that it has been prejudiced by this delay. Plaintiffs also aver that proper service can be effectuated within fourteen days. Therefore, allowing for service to be completed will not cause a significant further delay. Finally, the United States apparently received actual notice of the lawsuit despite the defective service because Attorney Dennis filed a Notice of Appearance two months after the IRS was served. Accordingly, Plaintiffs are granted a reasonable extension of time in which to complete proper service – 14 days.

## V. CONCLUSION

For the reasons stated, the United States of America's Motion to Dismiss (d/e 13) is DENIED. The Court, in its discretion, grants Plaintiffs Randolph Martin and Catherine Martin an extension of time to effectuate proper service on the United States of America. Plaintiffs are directed to comply with Rule 4(i) of the Federal Rules of Civil Procedure by properly serving the United States Attorney General and the United States Attorney for the Central District of Illinois by July 28, 2014. Plaintiffs are placed on notice that failure to comply with this directive will result in dismissal of this action.

ENTER: July 14, 2014

FOR THE COURT:

    s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE