# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| RANDOLPH MARTIN and CATHERINE FOX MARTIN, ) ) ) Plaintiffs, ) ) v. ) UNITED STATES OF AMERICA, ) ) Defendant. ) | No. 13-cv-3130 |

## OPINION AND ORDER

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

### STATEMENT OF FACTS

This litigation was filed by Plaintiffs, Randolph Martin and Catherine Martin, against Defendant, United States of America, alleging a claim for recovery of excessive taxes wrongfully retained by the Defendant through the Internal Revenue Service for calendar tax years 1996, 1997, and 2001. The Defendant has denied Plaintiffs' claim for refunds. Plaintiffs seek judgment in the amount of $658,327 plus interest and costs.

Before the Court at this time is the pro se Objection (d/e 49) of Donald Mallette, which objects to a "Subpoena for Deposition – Document Request Only" (Subpoena) served on Mallette by the Plaintiffs. The Subpoena seeks copies of Mallette's original tax returns for tax years 1999,

2000, 2001, and 2002, any amendments to those returns, and schedules and supporting worksheets related to the returns.  Plaintiffs responded to Mallette's Objection with a Response to Mallette's Objection combined with a Motion to Compel (d/e 50).  Plaintiffs seek  Mallette's compliance with the Subpoena.  Mallette filed a Response to Plaintiffs' Response and Motion to Compel (d/e 52).  Plaintiffs then filed a Motion to Strike (d/e 53) Mallette's Response to Plaintiffs' Response and Motion to Compel (d/e 50).

On October 31, 2014, the Court entered a Scheduling Order (d/e 26) in this case.  That Order provided, in pertinent part, as follows:

> 4.  The parties have until March 27, 2015, to complete fact discovery.  Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply.  The parties have until July 31, 2015 to complete expert discovery.

The Scheduling Order was modified by the Court's Text Order of July 14, 2015, which provided that the fact discovery deadline was extended to October 31, 2015.

The original Scheduling Order also provided as follows:

> 6.  . . . Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.   . . .

On October 23, 2015, the Attorney for Plaintiffs prepared the Subpoena at issue, which indicated that it was served by mailing a copy of the Subpoena via certified mail, with return receipt requested, to Mallette. The Subpoena purports to have been issued pursuant to Illinois Supreme Court Rule 204(a)(4).  The Subpoena commanded Mallette to appear for a deposition on November 6, 2015 at 10:00 a.m. or to mail or hand deliver the tax returns and support documents to Plaintiffs' attorney's office on or before that date.

Mallette's Objection (d/e 49) indicates he was served via certified mail at 4:00 p.m. on November 4, 2015.  Mallette objects because the discovery deadline has passed, and further, that the tax documents sought are not relevant and are "private tax and income information".  Mallette's Response (d/e 52) indicates he declined to give the Plaintiffs a copy of his 2001 tax return on September 15, 2015, and provides other detailed factual information which is not material to the Court's resolution of this issue.

## ANALYSIS

As noted above, the Subpoena at issue in this case was issued pursuant to Illinois Supreme Court Rule 204.  The Illinois Supreme Court Rules are not applicable in this federal proceeding.

Motions to compel production of documents pursuant to a subpoena are "entrusted to the sound discretion of the court". The serving party bears the burden of showing the appropriateness of the subpoena served upon a non-party. In addition, where discovery is sought from a non-party, the court should be particularly sensitive when weighing the probative value of the information sought against the burden of production on the non-party. In Re Natural Gas Commodity Litigation, 235 F.R.D. 199, 207-208 (S.D. NY, 2005).

The service of the Subpoena and the compliance date for the Subpoena were both after the expiration of the fact discovery cutoff set by the Court. The Motion to Compel (d/e 50) was filed without good cause on November 12, 2015, after the expiration of the fact discovery cutoff on October 31, 2015.

Consequently, the Motion to Compel (d/e 50) filed by the Plaintiffs is denied due to service of the Subpoena, the compliance date for the Subpoena, and the filing of the Motion to Compel all occurring after expiration of the fact discovery deadline in contravention of the Scheduling Order entered by the Court.

The Plaintiffs Motion to Strike (d/e 53) asserts that Mallette's Response to the Plaintiffs' Response to Donald Mallette's Objection to

Subpoena and Motion to Compel (d/e 52) should be stricken because Local Rule 7.1(B)(3) provides that no reply to a response is permitted. The Motion to Strike ignores the fact that the Plaintiffs filed a Motion to Compel which was combined with their Response to Mallette's Objection (d/e 50). Mallette is entitled to respond to the Motion to Compel. Consequently, Plaintiffs' Motion to Strike (d/e 53) is denied.

IT IS THEREFORE ORDERED AS FOLLOWS:

A) Mallette's Objection to the Subpoena (d/e 49) and the compliance with the Subpoena is ALLOWED;

B) Plaintiffs' Motion to Compel (d/e 50) is DENIED;

C) Plaintiffs' Motion to Strike (d/e 53) is DENIED.

ENTER:  December 3, 2015

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE